FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 12 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01755-BNB

ANTHONY DAVID SWINDLE,

    Plaintiff,

v.

EL PASO COUNTY SHERIFF'S OFFICE,
EL PASO COUNTY CRIMINAL JUSTICE CENTER, and
COMMANDER RODNEY GEHRETT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff, Anthony David Swindle, currently is confined at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Swindle, acting *pro se*, initiated this action by filing a prisoner complaint pursuant to 42 U.S.C. § 1983 seeking injunctive relief. Mr. Swindle has been granted leave to proceed *in forma pauperis*.

The Court must construe the complaint liberally because Mr. Swindle is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Swindle will be ordered to file an amended prisoner complaint.

The Court has reviewed Mr. Swindle's complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow

the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. See *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Swindle fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Swindle's claims apparently arise out of his placement in protective custody around non-protective custody inmates. However, Mr. Swindle fails to articulate clearly what specific claim or claims he is asserting against each named defendant, and he fails to assert what, if any, constitutional rights have been violated.

In order to state a claim in federal court, Mr. Swindle "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits

2

and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Further, Mr. Swindle may not sue the El Paso County Sheriff's Office or Criminal Justice Center because they are not separate entities from El Paso County and, therefore, are not persons under § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (unpublished). Any claims asserted against the El Paso County Sheriff's Office or the Criminal Justice Center must be considered as asserted against El Paso County.

In addition, municipalities and municipal entities, such as El Paso County, are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Swindle cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Swindle also must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Swindle must show how each named individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each

3

defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Swindle, therefore, will be directed to file an amended prisoner complaint that names only proper parties and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that **within thirty days from the date of this order** Mr. Swindle file an amended prisoner complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Swindle shall obtain the Court-approved prisoner complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Swindle fails to comply with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED August 12, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01755-BNB

Anthony David Swindle
Prisoner No. A0271939
El Paso County Criminal Justice Center
2739 E Las Vegas St
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 12, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk